IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RICHARD POLIDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00925 (PTG/JFA) |
| ) | |
| ELIZABETH U. MENDEL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Defendant United States Patent and Trademark Office's ("Defendant" or "USPTO") Motion for Summary Judgment. Dkt. 30. In this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *pro se* Plaintiff Richard Polidi, an attorney who had been expelled from the Patent Bar, submitted a request for documents to the USPTO seeking information related to the USPTO's investigation into and disciplinary proceeding against him. The USPTO ultimately disclosed a number of pages to Plaintiff, some in full and some with redactions pursuant to the FOIA. Plaintiff now challenges the propriety of those redactions. For the reasons below, the Court **GRANTS** Defendant's Motion for Summary Judgment.

### I.    FACTUAL BACKGROUND[1]

On July 18, 2017, the USPTO received a request from Plaintiff pursuant to the Freedom of Information Act ("FOIA") requesting documents related to the USPTO's investigation of, and disciplinary proceedings against, Plaintiff. Dkt. 31-1 at 9. Specifically, Plaintiff sought: "(1) USPTO Proceeding No. D2015-11 regarding Richard Polidi; (2) USPTO Investigation File

---

[1] Because Plaintiff failed to respond to the Motion for Summary Judgment, the Court finds that the material facts in this case are not in dispute and are borne out by the record.

1

No. G2475 regarding Richard Polidi; (3) The North Carolina disciplinary matter regarding Richard Polidi; and (4) Communications referring to, relating to, or concerning Richard Polidi." *Id.* On September 5, 2017, Plaintiff narrowed the request to seek "all communications and any other documents from anyone associated with the North Carolina State Bar" concerning Plaintiff. *Id.* at 11, 15. On October 26, 2017, the USPTO responded to Plaintiff's FOIA request, indicating that the search yielded 103 pages of responsive documents and that 91 pages were being withheld in full pursuant to FOIA exemptions 5 U.S.C. §§ 552(b)(5); (b)(6); (b)(7)(A); and (b)(7)(C). *Id.* at 15–17. The USPTO released 12 pages of documents, in full, to Plaintiff. *Id.* at 15. Plaintiff administratively appealed the USPTO's October 26, 2017 decision, which was upheld by the USPTO's Office of General Counsel. *Id.* at 19, 25–32.

On June 29, 2021, Plaintiff sued the USPTO[2] in the United States District Court for the District of Columbia, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–59. Dkt. 1. On January 13, 2022, Plaintiff filed the Second Amended Complaint, the operative complaint in this matter. Dkt. 18. In his Second Amended Complaint, Plaintiff alleges seven claims: (1) three claims under the FTCA, *id.* ¶¶ 50–68, 98–111, 115–22; (2) two claims under the APA, *id.* ¶¶ 69–97, 112–14; (3) one claim under the FOIA, *id.* ¶¶ 123–32; and (4) one claim for a declaratory judgment, *id.* ¶¶ 133–37.

On January 25, 2022, Plaintiff submitted a second request for documents to the USPTO, again seeking "(1) USPTO Investigation File No. G2475 regarding Richard Polidi; (2) USPTO Proceeding No. D2015-11 regarding Richard Polidi; or (3) The North Carolina disciplinary matter

---

[2] Plaintiff also named as Defendants Elizabeth U. Mendel, Kimberly C. Weinreich, the United States of America, and John Does 1–10. Dkt. 1. Plaintiff later added Defendants James O. Payne, Michelle K. Lee, John Heaton, and Drew Hirshfeld in his July 14, 2021 Amended Complaint. Dkt. 3. All individual Defendants were employees of the USPTO.

regarding Richard Polidi." Dkt. 31-1 at 34. The USPTO identified the same 103 pages that were previously identified as responsive during the search from Plaintiff's first request. *Id.* at 36–38. This time, the USPTO released 23 pages in full and 80 pages with partial redactions. *Id.* According to the USPTO, the redactions were pursuant to 5 U.S.C. §§ 552(b)(6) and (b)(7)(C), to protect the personal privacy of third parties, *id.* § 552(b)(5), to protect attorney work product, and *id.* § 552(b)(7)(E), to protect discussion of law enforcement methods. Dkt. 31-1 at 36–38. Plaintiff did not appeal USPTO's response to his second request.

On July 22, 2022, the United States District Court for the District of Columbia dismissed six of Plaintiff's claims and transferred the remaining FOIA claim to the United States District Court for the Eastern District of Virginia. Dkt. 26.

On September 9, 2022, Defendant filed the instant Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Dkt. 30. Because Plaintiff is proceeding *pro se*, Defendant advised Plaintiff that its Motion could be granted on the papers if Plaintiff failed to file a response within twenty-one days of the filing of the Motion. Dkt. 33 (citing *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975)). Plaintiff's response was originally due on September 30, 2022. On September 26, 2022, Plaintiff filed a motion requesting an extension of time to respond to the Motion. Dkt. 34. Plaintiff's first request for an extension was granted, extending his deadline to respond to October 7, 2022. Dkt. 35. On October 7, 2022, Plaintiff filed a second motion requesting an extension of time to respond to the Motion. Dkt. 37. On October 13, 2022, Plaintiff filed a third motion requesting an extension of time to respond to the Motion. Dkt. 38. On October 14, 2022, Plaintiff's request was granted, and Plaintiff was given a final deadline of October 19, 2022 to respond to the Motion. Dkt. 39. Plaintiff did not, and has not, filed a response to the Motion. Thus, the Motion is now ripe for disposition.

## II.  LEGAL STANDARD

### A.  Motion for Summary Judgment

Summary judgment will be granted where, viewing the facts in the light most favorable to the non-moving party, there remains no genuine issue of material fact. Fed. R. Civ. P. 56(c); *see Marlow v. Chesterfield Cnty. Sch. Bd.*, 749 F. Supp. 2d 417, 426 (E.D. Va. 2010). A party opposing a motion for summary judgment must respond with specific facts, supported by proper documentary evidence, showing that a genuine dispute of material fact exists, such that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks omitted).

### B.  FOIA

District courts review an agency's FOIA determination *de novo*. 5 U.S.C. § 552(a)(4)(B). "The burden is on the agency to sustain its action in response to a FOIA request." *Virginia-Pilot Media Cos., LLC v. DOJ*, 147 F. Supp. 3d 437, 443, (E.D. Va. 2015) (citing 5 U.S.C. § 552(a)(4)(B); *Willard v. IRS*, 776 F.2d 100, 102 (4th Cir. 1985)). If, "viewing the facts in the light most favorable to the requestor, no material facts are in dispute with regard to the agency's compliance[,]" the agency is entitled to summary judgment. *Id.* (citing *Rein v. USPTO*, 553 F.3d 353, 358 (4th Cir. 2009); *Wickwire Gavin, P.C. v. U.S. Postal Serv.*, 356 F.3d 588, 590 (4th Cir. 1994)). Agencies are required to disclose agency records, unless the records fall into one of the nine enumerated exemptions listed in 5 U.S.C. § 552(b). *Heily v. Dep't of Commerce*, 69 F. App'x 171, 173 (4th Cir. 2003). The agency bears the burden of demonstrating that the information at issue falls within a FOIA exemption. *Wichlacz v. U.S. Dept. of Interior*, 938 F. Supp. 325, 330 (E.D. Va. 1996), *aff'd*, 114 F.3d 1178 (4th Cir. 1997) (citing *Spannaus v. DOJ*, 813 F.2d 1285, 1288 (4th Cir.1987)). An agency may satisfy this burden "by filing affidavits describing the

material withheld and detailing why it fits into a claimed exemption." *Id.* (citing *McDonnell v. United States*, 4 F.3d 1227, 1241 (3d Cir. 1993)). The court then must evaluate whether the government records were appropriately withheld pursuant to one of the FOIA exemptions listed in 5 U.S.C. § 552(b). *Wichlacz*, 938 F. Supp. at 330.

### III.   DISCUSSION

As an initial matter, the USPTO posits that, in response to Plaintiff's second FOIA request, it ultimately provided all 103 pages (23 pages in full and 80 pages with partial redactions) of documents identified in its original search in response to Plaintiff's first FOIA request. Dkt. 31 at 14–15. For that reason, and to "prevent the doctrine of administrative exhaustion from precluding [P]laintiff's FOIA claim outright," the USPTO argues that the Court should review its response to Plaintiff's second FOIA request as an amended response to his first request. *Id.* Plaintiff has not opposed such. Where a party fails to respond to an argument, the Court may consider the argument conceded. *See, e.g., AB Staffing Sols., LLC v. Asefi Capital, Inc.*, No. 3:22-cv-32, 2022 WL 16555707, at *14 (E.D. Va. Oct. 31, 2022) (finding that by "failing to contest" a specific argument regarding a motion to dismiss, the opposing party had "conceded that issue"). Accordingly, the Court regards the USPTO's response to Plaintiff's second FOIA request as an amended response to Plaintiff's first FOIA request.

#### A.   Redactions Pursuant to Exemptions 6 and 7(C) Under the FOIA

Defendant asserts that "over ninety-five percent (95%) – of the USPTO's withholding consisted of targeted redactions to the identities and contact information of third parties . . . as well as extremely private topics . . . concerning those third parties pursuant to FOIA exemptions (b)(6) and (b)(7)(C)." Dkt. 31 at 15. Exemption 6 covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) protects from disclosure "records or information compiled

5

for law enforcement purposes [that] . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id.* § 552(b)(7)(C). The Court finds that the application of both Exemptions was justified here.

### 1. *Exemption 6*

To determine whether Exemption 6 was properly applied, the Court follows a two-step process. First, the Court must determine whether the identified file is the type considered by the statute. *Jud. Watch, Inc. v. U.S. Dep't of State*, 875 F. Supp. 2d 37, 46 (D.D.C. 2012). Second, the Court must engage in a balancing test, weighing "the individual's privacy interests against the public interest in disclosure." *Solers, Inc. v. IRS*, 827 F.3d 323, 332 (4th Cir. 2016).

The Court finds the USPTO has demonstrated that the files at issue are of the type considered by 5 U.S.C. § 552(b)(6). According to Louis J. Boston, Jr., a FOIA Officer for the USPTO, the documents identified as responsive to Plaintiff's request were documents originating from disciplinary proceedings by the North Carolina State Bar against Plaintiff. Dkt. 31-1 at 2–7 (Decl. of Louis J. Boston, Jr., hereinafter "Boston Decl."), ¶ 12 (stating that "[a]ll of the documents that the USPTO located that were responsive to [P]laintiff's request were compiled by the North Carolina State Bar, then the USPTO's Office of Enrollment and Discipline, in preparation for disciplinary proceedings that both entities ultimately brought against Plaintiff.").[3] The Court finds these documents to be "similar" to a personnel file, "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6); *see Solers*, 827 F.3d at 332 (noting that "[t]he Supreme Court has instructed that the phrase "similar files," . . . should be given 'a broad, rather than a narrow, meaning'" (quoting *U.S. Dep't of State v. Washington Post*

---

[3] The Court regards the Boston Declaration as credible. *See Spannaus*, 813 F.2d at 1289 ("The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency." (quoting *Barney v. IRS*, 618 F.2d 1268, 1272 (8th Cir. 1980))).

6

*Co.*, 456 U.S. 595, 600 (1982))).

Next, the Court considers whether the individual privacy interest "in avoiding scrutiny and possible harassment outweighs the public's interest in disclosure." *Empower Oversight Whistleblowers & Research v. Nat'l Institutes of Health*, No. 121-cv-1275, 2022 WL 5585762, at *2 (E.D. Va. Sept. 9, 2022) (citing *Jud. Watch*, 875 F. Supp. 2d at 46–47). "The public interest is served to 'the extent to which disclosure of the information sought would "she[d] light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to."'" *Solers*, 827 F.3d at 332 (quoting *U.S. Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 497 (1994)).

The Court finds the individuals' privacy interests here are substantial and outweigh the public interest in disclosure. The redactions here protected the identity and medical information of the victim of Plaintiff's alleged misconduct, as well as that of her family. *See* Boston Decl. ¶¶ 11–12; Dkt. 31-1 at 36–38. Disclosure of such information would reveal little to nothing about the USPTO's conduct, or the way in which the USPTO investigates alleged misconduct by practitioners. For that reason, the Court finds the individuals' privacy interests here vastly outweigh any public interest in disclosure of the aforementioned information. Thus, the personal information about the alleged victim and her family was appropriately withheld by the USPTO pursuant to Exemption 6.

### 2. *Exemption 7(C)*

The Court next considers the redactions made pursuant to Exemption 7(C), which shields "records or information compiled for law enforcement purposes" that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Information withheld pursuant to Exemption 7(C) undergoes a "similar analysis" as that withheld

pursuant to Exemption 6. *Solers*, 827 F.3d at 332. Likewise, the Court finds no public interest in the disclosure of the names and contact information of government employees involved in the investigation into Plaintiff's alleged misconduct. *See id.* (noting that "government employees[] 'have a substantial interest in the nondisclosure of their identities and their connection with particular investigations because of the potential for future harassment, annoyance, or embarrassment'" (quoting *Neely v. FBI*, 208 F.3d 461, 464–65 (4th Cir. 2000))). Accordingly, the Court finds that personal information about the government employees involved in Plaintiff's investigation was appropriately withheld by the USPTO pursuant to Exemption 7(C).

### B. Redactions Pursuant to Exemption 5 Under the FOIA

The Court next considers the redactions made pursuant to Exemption 5, which shields from disclosure documents protected by the attorney-client privilege and the deliberative process privilege. *See Rein*, 553 F.3d at 371. To invoke the deliberative process privilege under Exemption 5, an agency "must show that, in 'the context in which the materials are used,' the documents are both predecisional and deliberative." *City of Va. Beach v. U.S. Dep't of Com.*, 995 F.2d 1247, 1253 (4th Cir. 1993) (quoting *Wolfe v. U.S. Dep't of Health & Human Servs.*, 839 F.2d 768, 774 (D.C. Cir. 1988) (en banc)). "Predecisional documents are 'prepared in order to assist an agency decisionmaker in arriving at his decision'" and "[d]eliberative material 'reflects the give-and-take of the consultative process,' . . . by revealing the manner in which the agency evaluates possible alternative policies or outcomes." *Id.* (citation omitted) (first quoting *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975), then quoting *Coastal States Gas Corp. v. U.S. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)).

The USPTO contends that it "applied minimal redactions . . . to shield the mental impressions of an attorney associated with the North Carolina State Bar regarding that entity's investigation of allegations of misconduct against [P]laintiff." Dkt. 31 at 20. FOIA Officer Louis

8

Boston, Jr. further explains that "the USPTO affixed redactions to protect information related to the mental impressions associated with the North Carolina State Bar in anticipation of disciplinary proceedings, pursuant to . . . the exemption for attorney work product." Boston Decl. ¶ 12(c); *see also* Dkt. 31-1 at 36–38. Defendant further posits that the redacted information "was both (1) prepared by an attorney and (2) prepared in anticipation of potential administrative or judicial litigation into those allegations of misconduct against [P]laintiff." Dkt. 31 at 20. Given these representations, the Court finds that the USPTO has met its burden in demonstrating that the withheld information, created in the course of a disciplinary proceeding against Plaintiff, was both predecisional and deliberative. Thus, the USPTO was justified in redacting this information pursuant to Exemption 5.[4]

## C.  Segregability

Under the FOIA, an "agency may rely on an exemption only as to segregable portions of records" and "must produce any 'reasonably segregable portion of a record' that does not fall

---

[4] FOIA Officer Louis Boston, Jr. testifies that the USPTO also redacted information pursuant to Exemption 7(E). Boston Decl. ¶ 12(c). Exemption 7(E) shields from disclosure

> records or information compiled for law enforcement purposes, [that] would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law[.]

5 U.S.C. § 552(b)(7)(E). This Exemption also covers civil investigations by agencies. *See Mittleman v. Off. of Pers. Mgmt.*, 76 F.3d 1240, 1243 (D.C. Cir. 1996) ("We have held that the term 'law enforcement purpose' is not limited to criminal investigations but can also include civil investigations and proceedings in its scope."). The redacted documents were "compiled by the North Carolina State Bar, then the USPTO's Office of Enrollment and Discipline, in preparation for disciplinary proceedings that both entities ultimately brought against Plaintiff." Boston Decl. ¶ 12(a). Thus, to the extent that redactions were made concerning guidelines for investigation or discipline used by the North Carolina State Bar and/or the USPTO's Office of Enrollment and Discipline, the Court finds that such minimal redactions were justified under Exemption 7(E). *See* Boston Decl. ¶ 12(c) (stating that "less than ten (10)" redactions were made pursuant to Exemptions 5 and 7(E)).

within an exemption." *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1250 (4th Cir. 1994) (citing 5 U.S.C. § 552(b)). The Court considers segregability here, absent argument from Plaintiff, because a court has "an affirmative duty to consider the segregability issue *sua sponte*." *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999) (collecting cases remanding to the district court where the district court failed to make a segregability finding).

The Court finds that the USPTO disclosed all reasonably segregable information to Plaintiff. Of the 103 pages disclosed, FOIA Officer Louis Boston, Jr. testifies that 23 pages were released in full and 80 pages were partially redacted—thus, "no documents were withheld in full." Boston Decl. ¶ 12. Boston avers that "well over ninety-five percent (95%)" of the redactions consisted of "names of third-parties" and "other terms that could assist a reader in ascertaining the identities of those third-parties." *Id.* ¶ 12(b). He explains that "well over half" of such redactions were "connected to the identity of the victim" of Plaintiff's alleged misconduct, "who is obviously known to Plaintiff, as well as that victim's family." *Id.* He states that other redactions also included "account numbers and medical histories of these third-parties." *Id.* Boston also avers that law enforcement information and attorney work product produced "in anticipation of disciplinary proceedings" were redacted "[i]n less than ten (10) places[.]" *Id.* ¶ 12(c). The Court finds that the Boston Declaration "fairly describes the content of the material withheld and adequately states its grounds for nondisclosure," and that "those grounds are reasonable and consistent with the applicable law[.]" *Spannaus*, 813 F.2d at 1289 (quoting *Barney*, 618 F.2d at 1272). Accordingly, the Court finds that the USPTO has properly segregated the withheld information.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 30) is **GRANTED**; and it is further

**ORDERED** that this civil action be and is **DISMISSED**.

To appeal this decision, Plaintiff must file a Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order, including in the NOA the date of the Order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

Dated: September 1, 2023
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

11